**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2711
_____

AMIR WILEY,
                                        Appellant

v.

SUPPORT MAGISTRATE OF EAST ORANGE, NJ; HEATHER TAYLOR
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-23-cv-04888)
District Judge: Honorable Jamel Semper
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 17, 2024

Before: BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: December 20, 2024)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Amir Wiley appeals the District Court's order dismissing his complaint with prejudice under 28 U.S.C. § 1915(e). We will affirm.

In August 2023, Wiley filed a complaint in the District Court for the District of New Jersey, in which he alleged that New Jersey state judge Heather Taylor had deprived him of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights under color of law in violation of 18 U.S.C. § 242. Wiley alleged that the judge had unlawfully issued an arrest warrant after he failed to appear at a child support hearing for which he had not received notice; he further alleged that he never received notice of the judge's order to garnish his wages, depriving him of due process.

Wiley requested compensatory and punitive damages, as well as injunctive relief prohibiting the judge "from engaging in similar actions in the future." ECF No. 8 at 4. Because Wiley was proceeding in forma pauperis, the District Court screened and dismissed his complaint pursuant to 28 U.S.C. § 1915(e), after determining that Judge Taylor was protected by judicial immunity. Wiley then timely appealed.[1]

We will affirm the District Court's order dismissing Wiley's complaint. As the District Court adequately explained, "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts.'" *Wiley v. Support Magistrate*, No. 23-04888, 2024 WL 3791431, at *2 (D.N.J. Aug. 13, 2024) (quoting *Capogrosso v. Sup. Ct.*, 588 F.3d 180, 184 (3d Cir. 2009)). Judicial immunity extends to all actions undertaken pursuant to the judicial function, even if those acts are "done

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

maliciously," so long as they are not undertaken in the "clear absence of all jurisdiction." *Gallas v. Sup. Ct.*, 211 F.3d 760, 769 (3d Cir. 2000) (citation and internal quotation marks omitted); *see also Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Wiley has not alleged anything to suggest that, in issuing warrants and garnishing his wages, Judge Taylor acted "in the clear absence of all jurisdiction."

Nor is Wiley eligible for injunctive relief. Although "absolute judicial immunity extends only to claims for damages," *Larsen v. Senate of Commonwealth of Pa.*, 152 F.3d 240, 249 (3d Cir. 1998), "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Wiley has not asserted facts to show that either of these exceptions applies. *See Azubuko*, 443 F.3d at 303–04 (holding that injunctive relief is available in this context only if a declaratory decree was violated, or if declaratory relief is unavailable).

On appeal, Wiley reiterates his claim that the judge's actions deprived him of due process under color of law in violation of 18 U.S.C. § 242. Even if Wiley's recycled arguments were availing, he cannot recover under § 242, as it is a criminal statute without a private right of action. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994); *see also United States v. City of Philadelphia*, 644 F.2d 187 (3d Cir. 1980); *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994).

Further, given the plain bar of judicial immunity, we are satisfied that amendment would have been futile. *See generally Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).